IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. WILLIAMS,

    Plaintiff,                    No. CIV S-08-1923 FCD DAD P

    vs.

MED. AUTHORIZATION
REVIEW COMM., et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. § 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), as to defendants Abdur-Rahman, Reid and David.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  However, the court will not order service on the defendant designated by plaintiff as the Medical Authorization Review Committee.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that:  (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  The Medical Authorization Review Committee is not a "person."

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

/////

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 18, 2008 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Dr. S. Abdur-Rahman, Dr. B. Reid, and physicians assistant Anita David.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed August 18, 2008.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed August 18, 2008.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's August 18, 2008 motion for the appointment of counsel (Doc. No. 2), is denied.

DATED: September 22, 2008.

                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:4
will1923.1a

Case 2:08-cv-01923-FCD-DAD   Document 8   Filed 09/22/08   Page 4 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. WILLIAMS,

      Plaintiff,

vs.

MED. AUTHORIZATION
REVIEW COMM., et al.,

      Defendants.

_____/

No. CIV S-08-1923 FCD DAD P

NOTICE OF SUBMISSION

OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ <u>one</u> completed summons form;

      _____ <u>[#]</u> completed USM-285 forms; and

      _____ <u>[#]</u> true and exact copies of the complaint filed [date].

DATED: _____.

                                              _____
                                              Plaintiff