IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES W. WILLIAMS,

      Plaintiff,                               No. CIV S-08-1923 FCD DAD P

    vs.

MED. AUTHORIZATION REVIEW COMM., et al.,

      Defendants.                        ORDER

/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendants' motion to compel responses to their requests for production of documents served upon plaintiff.

        In their motion, defendants Abdur-Rahman, David and Rein assert that on June 15, 2009, they served plaintiff with their requests for the production of documents by mail at plaintiff's address of record which was Kern Valley State Prison. (Mot. at 4.) Defendants sought production of: (1) plaintiff's medical records relating to the injuries alleged in his complaint or an authorization signed by plaintiff for the release of his medical treatment records; (2) documents showing plaintiff's exhaustion of administrative remedies; and (3) other documents that plaintiff contended would support his claim that his civil or constitutional rights were violated. (Id., Ex. A, B. & C.) Pursuant to the court's discovery order, filed on March 27, 2009,

1

plaintiff had until August 3, 2009 to respond to defendants' discovery requests. (Id. at 4.) Plaintiff failed to do so. On October 26, 2009, defendants filed this motion to compel. Plaintiff has never filed an opposition to the motion and his notice of a change of address was filed three months after his release.[1]

In light of the confusion and delay created by plaintiff's release from confinement and his delay in filing a notice of change of address, the court finds that there is good cause for defendants' failure to timely move to compel production, and the motion to compel will be granted in part.[2] The court will order plaintiff to produce the requested documents, or explain in writing that he does not have possession of the requested documents and/or provide a signed authorization for release of his medical records pertaining to the medical treatment at issue in this action. The court will also modify the May 27, 2009 scheduling order, and extend the deadline for the filing of any pretrial motions, including a defense motion for summary judgment.[3] Plaintiff is cautioned that should he fail to comply with the court's orders and deadlines, the

---

[1] Defendants' counsel fails to note the untimeliness of the motion to compel. However, on November 3, 2009, the court issued an order noting that in their motion to compel defendants indicated plaintiff had been released on parole. Accordingly, the court ordered plaintiff to file a notice of change of address with the court within fifteen days. On November 24, 2009, defendants filed a reply to the court's order, noting that plaintiff had still failed to oppose defendants' motion to compel and had also failed to file a notice of change of address as directed by the court. Subsequently, on November 30, 2009, plaintiff filed his notice of change of address but has never filed a response to defendants' motion to compel production of documents.

[2] Had the motion to compel not been unopposed the court would have had several questions for defense counsel. In this court's experience CDCR and defense counsel typically have access to the prisoner's medical records regarding the treatment provided during incarceration. Defendants' motion does not address why that is not the case here. Moreover, the court typically receives affidavits from prison officials outlining in detail a prisoner's administrative grievances in connection with claims of failure to exhaust. Those affidavits are routinely submitted by defense counsel in support of motions to dismiss. Again, counsel has not addressed why discovery requests and a motion to compel are necessary in this case to obtain those documents.

[3] No further extensions of time will be granted for this purpose. While the record reflects that plaintiff's efforts in prosecuting this case have been spotty at best, it also appears that defense counsel has paid little regard to the court's scheduling order. Both parties are advised that this action will now proceed on the schedule established by this order to its conclusion.

court will recommend that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' October 26, 2009 motion to compel (Doc. No. 34) is granted in part;

2. Within thirty days from the service of this order, plaintiff shall produce to defendants the documents requested in their requests for production of documents or explain in writing that he does not have possession of the requested documents and/or provide a signed authorization for release of his medical records pertaining to this action;

3. The court's May 27, 2009 scheduling order is modified as follows: The deadline for filing any pretrial motions, including any motion for summary judgment, is extended to November 30, 2010.  Plaintiff's opposition or notice of non-opposition to any such motion filed by the defendants shall be filed according to Local Rule 230(l)[4]; and

4. Plaintiff's failure to comply with this order will result in the dismissal of this action.

DATED: September 16, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will1923.mtc

---

[4] Plaintiff is advised to refer to the court's order filed on November 5, 2008, for further requirements for opposing a motion for summary judgment.